# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 27, 2020

Lyle W. Cayce
Clerk

No. 19-50711
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HEINRICH WIEBE-NEUDORF,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-77-1

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Heinrich Wiebe-Neudorf pleaded guilty to one count of possession of a firearm by an alien admitted to the United States under a nonimmigrant visa, in violation of 18 U.S.C. § 922(g)(5)(B). The district court sentenced him to, *inter alia*, a within-Sentencing Guidelines sentence of 57-months' imprisonment. Wiebe challenges two sentencing enhancements, asserting the Government failed to prove their applicability by a preponderance of the

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

evidence:    Guideline § 2K2.1(b)(5) (firearms trafficking); and Guideline § 2K2.1(b)(6)(A) (possessing firearm or ammunition to be transported out of the United States).

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Although, arguably, the basis for the first issue shifts somewhat from that urged in district court, we review both issues for clear error.  For that standard, a factual finding "will be upheld so long as it is plausible in [the] light of the record as a whole", meaning the court is not "left with the definite and firm conviction that a mistake has been committed".  *United States v. Perez*, 585 F.3d 880, 883 (5th Cir. 2009) (internal quotation marks and citations omitted).

Guideline § 2K2.1(b)(5) authorizes a four-level increase "[i]f . . . defendant engaged in the trafficking of firearms".  U.S.S.G. § 2K2.1(b)(5). Importantly, the enhancement applies if defendant "transported, transferred, or otherwise disposed of two or more firearms to another individual, or received two or more firearms with the intent to transport, transfer, or otherwise dispose of firearms to another individual", while knowing, or having reason to believe, "such conduct would result in the transport, transfer, or disposal of a

firearm to an individual . . . whose possession or receipt of the firearm would be unlawful; or . . . who intended to use or dispose of the firearm unlawfully". *Id.* cmt. n.13(A). Guideline § 2K2.1(b)(6)(A) authorizes a four-level increase if defendant "possessed any firearm or ammunition while leaving or attempting to leave the United States, or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be transported out of the United States". U.S.S.G. § 2K2.1(b)(6)(A).

There was no clear error. Wiebe collected 11 firearms and approximately 7,000 rounds of ammunition from individuals in Seminole, Denver City, and Lamesa, Texas. And, although he refused to transport the firearms and ammunition to Mexico, he was instead to transport them to "a lot in Columbus, New Mexico, for them to be exported to Mexico". Consequently, the record reflects: Wiebe knew, or had reason to believe, the individuals to whom he was delivering the firearms in Columbus would export them to Mexico (which violates federal law, *see* 18 U.S.C. § 554 (prohibiting smuggling); 22 U.S.C. §§ 2778(b)–(c) (requiring license to export "defense articles" and criminalizing violation of licensing requirement); 22 C.F.R. § 121.1 (defining and identifying "defense articles")); and he possessed the firearms and ammunition with knowledge, intent, or reason to believe they would be transported out of the United States.

AFFIRMED.